**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **PESTOVA HOLDINGS, LLC** | § | **CASE NO. 19-36737** |
| **GROUP, LLC** | § | **CHAPTER 7** |
| | § | |
| **DEBTOR** | § | **JUDGE CHRISTOPHER M. LOPEZ** |

---

| | | |
|---|---|---|
| **RONALD J. SOMMERS, TRUSTEE** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **KEVIN JUAREZ INVESTMENTS, LLC,** | § | |
| **ELSON JUAREZ, CHARLIE VIDAURRE** | § | |
| **d/b/a PHL FUNDING AND REHAB,** | § | |
| **JULIAN RINCON, ISMAEL GARCIA** | § | |
| **RINCON, YOLANDA CASTILLO RINCON,** | § | |
| **DANIEL RINCON, NICHOLAS RINCON,** | § | |
| **ELEAZAR GARCIA RINCON, FRANCO** | § | |
| **JUAREZ SAUCEDO, DENISE TORRES,** | § | |
| **ADRIANA GARCIA BETANCOURT,** | § | |
| **ANASTASIO VILLEGAS SAUCEDO,** | § | |
| **MARIO GONZALO ARGUELLO** | § | |
| **GONZALEZ, JUANA ARGUELLO, JOSE** | § | |
| **GUADALUPE BERMUDEZ GARCIA,** | § | |
| **EDUARDO RUIZ LICON, PATRICIA** | § | **ADV. NO 20-__________** |
| **ALVAREZ, MOISES MARTINEZ** | § | |
| **VAZQUEZ, MARIA B. MARTINEZ** | § | |
| **CORTES, OSCAR ALEJANDRO ZAVALA** | § | |
| **OSTORGA, ESWIN ESTUARDO** | § | |
| **MANCILLAS OLMINO, DANY ISRAEL** | § | |
| **RODRIGUEZ RODAS, MIGUEL ANGEL** | § | |
| **GONZALEZ ORTEGA, FLORIBEL** | § | |
| **ASTUDILO MENDEZ, DEMETRIO** | § | |
| **PASION ZAMORA, ESTHER MARIA** | § | |
| **REYES, OSCAR DAVID COTA CANEDO,** | § | |
| **KATHYA INES ZAMORA, ENRIQUE** | § | |
| **LIRA GUERRA, ERIKA TORRES** | § | |
| **GALLEGOS, ADELAIDA ALANIS** | § | |
| **MENDOZA, MAGDALENA CAMACHO,** | § | |
| **ALFRED LOPEZ, and NANCY ELIZALDE** | § | |
| **LOPEZ** | § | |
| | § | |
| **Defendants** | § | |

**TRUSTEE'S ORIGINAL COMPLAINT FOR DECLARATORY RELIEF TO: (I) QUIET TITLE TO REAL PROPERTY DUE TO INVALID DEEDS; (II) QUIET TITLE TO REAL PROPETY DUE TO INVALID DEEDS OF TRUST; (III) QUIET TITLE TO REAL PROPERTY DUE TO INVALID BROKER'S LIEN and (IV) AVOID INVALID BROKER'S LIEN**

**To The Honorable Christopher Lopez,**
**United States Bankruptcy Judge:**

COMES NOW Plaintiff Ronald J. Sommers, Chapter 7 Trustee of the above-captioned Chapter 7 estate and files this Original Complaint and would show as follows:

**A. Parties**

1. Ronald J. Sommers, Trustee (hereafter the "Trustee" or "Plaintiff") is the duly appointed Chapter 7 Trustee in the above-captioned Chapter 7 bankruptcy case and may be served through the undersigned counsel.

2. Kevin Juarez Investments, LLC, is a limited liability company formed under the laws of the State of Texas and may be served with process at:

Kevin Juarez Investments, LLC
c/o Corporation Service Company d/b/a CSC-Lawyers INCO
211 E. 7th Street, Suite 620
Austin, Texas 78701

Kevin Juarez Investments, LLC
Attn: Managing Member
10134 Kirkglen Dr.
Houston, Texas 77089

3. Elson Juarez is an individual residing in Harris County, Texas, and may be served with process at:

10134 Kirkglen Dr.
Houston, Texas 77089

4. Charlie Viduarre d/b/a PHL Funding and Rehab is an individual residing in Harris County, Texas, and may be served with process at:

Charlie Vidaurre d/b/a PHL Funding and Rehab
2401 Lazy Hollow Dr. #104A
Houston, Texas 77063

Charlie Vidaurre d/b/a PHL Funding and Rehab
909 Rittenhouse

Houston, Texas 77076

5. Julian Rincon is an individual residing in Harris County, Texas, and may be served with process at:

4731 Knottywood
Houston, Texas 77083

6. Ismael Garcia Rincon is an individual residing in Harris County, Texas, and may be served with process at:

4731 Knottywood
Houston, Texas 77083

7. Yolanda Castillo Rincon is an individual residing in Harris County, Texas, and may be served with process at:

4731 Knottywood
Houston, Texas 77083

8. Daniel Rincon is an individual residing in Harris County, Texas, and may be served with process at:

1402 Lazy Spring Dr.
Missouri City, Texas 77489

9. Nicholas Rincon is an individual residing in Harris County, Texas, and may be served with process at:

4731 Knottywood
Houston, Texas 77083

10. Eleazar Garcia Rincon is an individual residing in Harris County, Texas, and may be served with process at:

5001 Malmedy Rd.
Houston, Texas 77033

11. Franco Patino Saucedo is an individual residing in Harris County, Texas, and may be served with process at:

15226 Mound Rd.
Hockley, Texas 77447

12. Denise Torres is an individual residing in Harris County, Texas, and may be served with process at:

15226 Mound Rd.
Hockley, Texas 77447

13. Adriana Garcia Betancourt is an individual residing in Harris County, Texas, and may be served with process at:

7723 Bayou Forest Dr.
Houston, Texas 77088

14. Anastasio Villegas Saucedo is an individual residing in Harris County, Texas, and may be served with process at:

7723 Bayou Forest Dr.
Houston, Texas 77088

15. Mario Gonzalo Arguello Gonzalez is an individual residing in Harris County, Texas, and may be served with process at:

9522 Telephone Rd. #208
Houston, Texas 77075

16. Juana Arguello is an individual residing in Harris County, Texas, and may be served with process at:

9522 Telephone Rd. #208
Houston, Texas 77075

17. Jose Guadalupe Bermudez Garcia is an individual residing in Harris County, Texas, and may be served with process at:

5543 Ingomar Way
Houston, Texas 77053

18. Eduardo Ruiz Licon is an individual residing in Harris County, Texas, and may be served with process at:

13261 Webb Ln
Sugarland, Texas 77498

19. Patricia Alvarez is an individual residing in Harris County, Texas, and may be served with

process at:

13261 Webb Ln
Sugarland, Texas 77498

20. Moises Martinez Vazquez is an individual residing in Harris County, Texas, and may be served with pocess at:

4500 Almeda Genoa Rd. #19
Houston, Texas 77048

21. Maria B. Martinez Cortes is an individual residing in Harris County, Texas, and may be served with process at:

4500 Almeda Genoa Rd. #19
Houston, Texas 77048

22. Oscar Alejandro Zavala Ostorga is an individual residing in Harris County, Texas, and may be served with process at:

3826 Gardenia Ban Dr.
Houston, Texas 77053

23. Eswin Estuardo Mancillas Olmino is an individual residing in Harris County, Texas, and may be served with process at:

4500 Almeda Genoa # 111
Houston, Texas 77048

24. Dany Israel Rodriguez Rodas is an individual residing in Harris County, Texas, and may be served with process at:

4500 Almeda Genoa # 111
Houston, Texas 77048

25. Miguel Angel Gonzalez Ortega is an individual residing in Harris County, Texas, and may be served with process at:

4701 Anderson Rd. Trlr #222
Houston, Texas 77053

26. Floribel Astudilo Mendez is an individual residing in Harris County, Texas, and may be served with process at:

4701 Anderson Rd. Trlr #222
Houston, Texas 77053

27. Demetrio Pasion Zamora is an individual residing in Harris County, Texas, and may be served with process at:

3019 Pine Gully
Houston, Texas 77017

28. Esther Maria Reyes is an individual residing in Harris County, Texas, and may be served with process at:

3019 Pine Gully
Houston, Texas 77017

29. Oscar David Cota Canedo is an individual residing in Harris County, Texas, and may be served with process at:

3019 Pine Gully
Houston, Texas 77017

30. Kathya Ines Zamora is an individual residing in Harris County, Texas, and may be served with process at:

3019 Pine Gully
Houston, Texas 77017

31. Enrique Lira Guerra is an individual residing in Harris County, Texas, and may be served with process at:

807 Winsconsin St.
South Houston, Texas 77587

32. Erika Torres Gallegos is an individual residing in Harris County, Texas, and may be served with process at:

14100 Del Papa #60
Houston, Texas 77047

33. Adelaida Alanis Mendoza is an individual residing in Harris County, Texas, and may be served with process at:

903 Minnesota St.
South Houston, Texas 77587

34. Magdalena Camacho is an individual residing in Harris County, Texas, and may be served with process at:

16809 Bear Bayou Dr.
Channelview, Texas 77530-2933

35. Alfred Lopez is an individual residing in Harris County, Texas, and may be served with process at:

7111 Winfree
Houston, Texas 77087

36. Nancy Elizalde Lopez is an individual residing in Harris County, Texas, and may be served with process at:

7111 Winfree
Houston, Texas 77087

## B. Jurisdiction and Venue

37. This adversary proceeding arises in and relates to the above-styled Chapter 7 bankruptcy case. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This proceeding involves claims involving claims against property of the estate and claims arising under Chapter 5 of the United States Bankruptcy Code, with such claims being core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (F), (K), and/or (O). This proceeding may also involve claims arising under state law which, to the extent that such claims are non-core proceedings, the Court may hear pursuant to 28 U.S.C. § 157(c)(1). Venue is appropriate in this District pursuant to 28 U.S.C. § 1409. The Trustee consents to the entry of a final judgment by this Court if Defendant makes an appearance. If one or more of the Defendants fail to appear, the Trustee respectfully requests the Court issue proposed findings of fact and conclusions of law to the District Court for entry of a final default judgment.

## C. Factual Background

### *Transactions Between Debtor and its Predecessor-in-Interest*

38. On September 15, 2016, by General Warranty Deed recorded in the Harris County Real Property Records under Clerk's File Number 2016-414125, Jean Y. Jabbour conveyed to Kevin Juarez

Investments, LLC ("KJI") the following real property more commonly known as 10444 Rosecroft Drive, Houston, Texas 77048 (hereafter the "Rosecroft Property"):

> Being 16.8869 acres, (735,592 square feet) of land being all of a called 16.916 acre tract of land described by deed to Ireland Limited Family partnership recorded under Harris County Clerk's File Number T278850 and all of STONEHENGE APARTMENTS, SECTION TWO, a subdivision as shown on plat thereof recorded in Volume 214, Page 97 of the Harris County Map Records, located in the Thomas Tobin Survey, Abstract Number 774, Harris County, Texas, and more particularly described by metes and bounds as follows:
>
> BEGINNING at a 5/8-inch iron rod with plastic cap stamped "CARTER & BURGESS" set at the northeast corner of said 16.916 acre tract and said STONEHENGE APARTMENTS, SECTION TWO, and the southeast corner of a called 2.948 acre tract of land described by deed to Hughes Social Club, Inc., recorded under Harris County Clerk's File Number D003780 in the west right-of-way line of Webercrest Road (60-foot wide right-of-way) as established by instrument recorded in Volume 1024, Page 658 of the Harris County Deed Records and from which a 5/8-inch iron rod found bears North 78 degrees 11 minutes 50 seconds West, a distance of 1.54 feet;
>
> THENCE, South 02 degrees 16 minutes 52 seconds East, with the east line of said 16.916 acre tract and said STONEHENGE APARTMENTS, SECTION TWO, and the west right-of-way line of said Webercrest Road, a distance of 531.62 feet, (called 541.36 feet) to a 5/8-inch iron rod with plastic cap stamped "CARTER & BURGESS" set for the southeast corner of said 16.916 acre tract and said STONEHENGE APARTMENTS, SECTION TWO, and the northeast corner of a called 6.3218 acre tract of land described by deed to Lucille Barrett and husband, George T. Barrett;
>
> THENCE, South 88 degrees 12 minutes 59 seconds West, with the southerly line of said 16.916 acre tract and STONEHENGE APARTMENTS, SECTION TWO and the north line of said 6.3218 acre tract, a distance of 941.37 feet, (called 941.22 feet) to a 5/8-inch iron rod with plastic cap stamped "CARTER & BURGESS" set for the northwest corner of said 6.3218 acre tract;
>
> THENCE, South 02 degrees 08 minutes 59 seconds East, with the southerly line of said 16.916 acre tract and STONEHENGE APARTMENTS, SECTION TWO and the west line of said 6.3218 acre tract, a distance of 291.97 feet, (called 292.24 feet) to a 5/8-inch iron rod with plastic cap stamped "CARTER & BURGESS" set for the southwest corner of said 6.3218 acre tract in the north line of a called 20 acre tract of land described by deed to Bukowski Lynn Carothers recorded under Harris County Clerk's File Number E99870;
>
> THENCE, South 88 degrees 13 minutes 58 seconds West, with the south line of said 16.916 acre tract and STONEHENGE APARTMENTS, SECTION TWO and the north line of said 20 acre tract, at a distance of 92.28 feet pass the most southwesterly corner of said STONEHENGE APARTMENTS, SECTION TWO in the north line of a called 50-foot wide Humble Pipeline easement line, described by instrument recorded in Volume 421, Page 295 of the Harris County Deed Records and continuing with said south line of said 16.916 acre tract and the north line of said 20 acre tract for a total distance of 365.46 feet, (called 354.99 feet) to a P.K. nail found at the southwest corner of said 16.916 acre tract and the southeast corner of a called 13.786 acre tract of land described by deed to NHDC Crestmont Village, LLC. recorded under Harris County Clerk's File Number W962289 and STONEHENGE APARTMENTS, SEC. ONE, a subdivision as shown on plat thereof recorded in Volume 189, Page 48 of the Harris County Clerk's File Number W962289;
>
> THENCE, North 02 degrees 01 minute 27 seconds West, with the west line of said 16.916 acre tract and the east line of said 13.786 acre tract and said STONEHENGE APARTMENTS, SEC. ONE, a distance of 145.52 feet pass the most westerly southwest corner of said STONEHENGE APARTMENTS, SECTION TWO in the north line of said 50-foot wide Humble Pipeline easement and continuing for a total distance of 772.70 feet (called 774.17 feet) to a 5/8-inch iron rod with plastic cap stamped "CARTER & BURGESS" set for the northwest corner of said 16.916 acre tract and STONEHENGE APARTMENTS, SECTION TWO and the most northerly southwest corner of said 13.786 acre tract and said STONEHENGE APARTMENTS, SEC. ONE and from which an iron fence corner bears South 44 degrees 29 minutes 49 seconds West, a distance of 0.82 feet;
>
> THENCE, South 74 degrees 22 minutes 18 seconds East, with the northerly line of said 16.916 acre tract and STONEHENGE APARTMENTS, SECTION TWO and with the southerly line of said 13.786 acre tract and said STONEHENGE APARTMENTS, SEC. ONE, a distance of 210.57 feet to a 1/2-inch iron rod found at the most easterly southeast corner of said 13.786 acre tract and said STONEHENGE APARTMENTS, SEC. ONE and the southwest corner of a called 6.921 acre tract and CRESTMONT VILLAGE APARTMENTS, a subdivision as shown on plat thereof recorded in Volume 166, Page 28 of the Harris County Map Records and from which a P.K. nail found bears North 85 degrees 42 minutes 56 seconds West, a distance of 0.99 feet;
>
> THENCE, South 87 degrees 02 minutes 04 seconds East, with the north line of said 16.916 acre tract and said STONEHENGE APARTMENTS, SECTION TWO and the south line of said 6.921 acre tract and said CRESTMONT VILLAGE APARTMENTS, a distance of 399.67 feet, (called 400.58 feet) to a 5/8-inch iron rod with cap found for the southeast corner of said 6.921 acre tract and CRESTMONT VILLAGE APARTMENTS and from which a chain link fence corner bears North 53 degrees 20 minutes 23 seconds West, a distance of 2.32 feet;
>
> THENCE, North 02 degrees 24 minutes 52 seconds West, with the northerly line of said 16.916 acre tract and said STONEHENGE APARTMENTS, SECTION TWO and the east line of said 6.921 acre tract and said CRESTMONT VILLAGE APARTMENTS, a distance of 160.11 feet to a 5/8-inch iron rod with plastic cap stamped "CARTER & BURGESS" set for the southwest corner of said 2.948 acre tract;
>
> THENCE, North 89 degrees 39 minutes 11 seconds East, with the north line of said 16.916 acre tract and said STONEHENGE APARTMENTS, SECTION TWO and the south line of said 2.948 acre tract, a distance of 485.63 feet, (called 484.89 feet) to a 5/8-inch iron rod with plastic cap stamped "CARTER & BURGESS" set for angle point;
>
> THENCE, North 88 degrees 29 minutes 28 seconds East, continuing with said common line, a distance of 220.66 feet, (called 220.01 feet) to the POINT OF BEGINNING and containing 16.8869 acres, (735,592 square feet) of land.

See attached **Exhibit A**.

39. On August 5, 2019, KJI conveyed the Rosecroft Property to Pestova Holdings, LLC (the

"Debtor") by way of filing of a general warranty deed, dated July 22, 2019, in the Harris County Real Property Records under Clerk's File Number RP-2019-339283. See attached **Exhibit B**. The Debtor's purchase of the Rosecroft Property was financed by Ellis Management Company d/b/a Ellis Equity Lending (hereafter "Ellis"), whereby the Debtor made a promissory note dated July 31, 2019, in the original principal amount of $350,000 in favor of Ellis, payment of which was secured by a deed of trust executed of even date therewith and filed in the Harris County Real Property Records on August 5, 2019 under Clerk's File Number RP-2019-339284. See **Exhibits C** and **D**. The sale to the Debtor was closed through a title company and appears, after review, to the Trustee to have been a *bona fide* sale for real consideration.

40. At no time, including the present, has the Rosecroft Property been describable by any means other than by reference to metes and bounds. At no time, including the present, has the Rosecroft Property be the subject of a formal platting or subdivision process with the appropriate authority in Harris County, Texas, or the State of Texas, such that any portion thereof has been platted or subdivided into sections, tracts, blocks or lots.

41. On September 5, 2019, a document titled Memorandum of Agreement and Claim of Broker's Lien was filed in the Harris County Real Property Records under Clerk's File Number RP-2019-395270 ostensibly to impose a lien against the Rosecroft Property in favor of Charlie Viduarre d/b/a PHL Funding and Rehab (the "Alleged Broker's Lien"). See **Exhibit E**.

42. On December 3, 2019, Pestova Holdings, Inc. (the "Debtor") filed for voluntary Chapter 11 relief in Case No. 19-36737, *In re Pestova Holdings, LLC* (the "Bankruptcy Case"), which is pending before this Honorable Court. On February 11, 2020, the Bankruptcy Case was converted to one arising under Chapter 7 of the United States Bankruptcy Code.

***Invalid Conveyances to Third Parties Between Time the Rosecroft Property Was Held by KJI and Before it Was Transferred to the Debtor***

43. On September 30, 2016, after KJI received title to the Rosecroft Property, but before its conveyance to the Debtor, a purported deed dated September 30, 2016 from KJI to Julian Rincon was filed in the Harris County Real Property Records under Clerk's File Number RP-2016-442568 containing the

following real property description (see **Exhibit F**):

Property: LOT 38 AND 39 of CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY

Legal Description: LOT 38 AND 39 of CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY ( Subject to Re-platting acceptance by the City of Houston )

44. Also on September 30, 2016, in relation to the alleged transaction described in the immediately preceding paragraph above, a purported deed of trust was filed in the Harris County Real Property Records under Clerk's File Number RP-2016-442569, allegedly securing some alleged indebtedness related to the foregoing alleged transaction. See **Exhibit G**.

45. On September 30, 2016, after KJI received title to the Rosecroft Property, but before its conveyance to the Debtor, a purported deed dated September 30, 2016 from KJI to Ismael Garcia Rincon and Yolanda Castillo Rincon was filed in the Harris County Real Property Records under Clerk's File Number RP-2016-442570 containing the following real property description (see **Exhibit H**):

Property: LOT 40 of CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY

Legal Description: LOT 40 of CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY ( Subject to Re-platting acceptance by the City of Houston )

46. Also on September 30, 2016, in relation to the alleged transaction described in the immediately preceding paragraph above, a purported deed of trust was filed in the Harris County Real Property Records under Clerk's File Number RP-2016-442571, allegedly securing some alleged indebtedness related to the foregoing alleged transaction. See **Exhibit I**.

47. On October 5, 2016, after KJI received title to the Rosecroft Property, but before its conveyance to the Debtor, a purported deed dated September 30, 2016 from KJI to Daniel Rincon was filed in the Harris County Real Property Records under Clerk's File Number RP-2016-450942 containing the following real property description (see **Exhibit J**):

Property: LOT 41 ( a 0.524 Acres of land ) at CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY

Legal Description: LOT 41 ( a 0.524 Acres of Land ) of CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY ( Subject to Re-platting acceptance by the City of Houston )

48. On October 5, 2016, after KJI received title to the Rosecroft Property, but before its

conveyance to the Debtor, a purported deed dated October 21, 2016 from KJI to Nicholas Rincon was filed in the Harris County Real Property Records under Clerk's File Number RP-2016-450953 containing the following real property description (see **Exhibit K**):

> **Property:** LOT 43 ( a 0.501 Acres of land ) at CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY
>
> **Legal Description:** LOT 43 ( a 0.501 Acres of Land ) of CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY ( Subject to Re-platting acceptance by the City of Houston )

49. On October 21, 2016, after KJI received title to the Rosecroft Property, but before its conveyance to the Debtor, a purported deed dated October 15, 2016 from KJI to Oscar Alejandro Zavala Ostorga was filed in the Harris County Real Property Records under Clerk's File Number RP-2016-476673 containing the following real property description (see **Exhibit L**):

> **Property:** LOT 52 ( a 0.508 Acres of land ) at CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY
>
> **Legal Description:** LOT 52 ( a 0.508 Acres of Land ) of CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY ( Subject to Re-platting acceptance by the City of Houston )

50. On October 24, 2016, after KJI received title to the Rosecroft Property, but before its conveyance to the Debtor, a purported deed dated October 22, 2016 from KJI to Eswin Estuardo Mancillas Olmino and Dany Israel Rodriguez Rodas was filed in the Harris County Real Property Records under Clerk's File Number RP-2016-477626 containing the following real property description (see **Exhibit M**):

> **Property:** LOT 49 ( a 0.501 Acres of land ) at CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY
>
> **Legal Description:** LOT 49 ( a 0.501 Acres of Land ) of CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY ( Subject to Re-platting acceptance by the City of Houston )

51. Also on October 24, 2016, in relation to the alleged transaction described in the immediately preceding paragraph above, a purported deed of trust was filed in the Harris County Real Property Records under Clerk's File Number RP-2016-477627, allegedly securing some alleged indebtedness related to the foregoing alleged transaction. See **Exhibit N**.

52. On October 24, 2016, after KJI received title to the Rosecroft Property, but before its conveyance to the Debtor, a purported deed dated October 23, 2016 from KJI to Eleazar Garcia Patino was filed in the Harris County Real Property Records under Clerk's File Number RP-2016-479685 containing

the following real property description (see **Exhibit O**):

Property: LOT 3 ( a 0.519 Acres of land ) at CABALLERIZAS DEL REY
HOUSTON, TX 77048 HARRIS COUNTY

Legal Description: LOT 3 ( a 0.519 Acres of Land ) of CABALLERIZAS DEL REY
HOUSTON, TX 77048 HARRIS COUNTY ( Subject to Re-
platting acceptance by the City of Houston )

53. Also on October 24, 2016, in relation to the alleged transaction described in the immediately preceding paragraph above, a purported deed of trust was filed in the Harris County Real Property Records under Clerk's File Number RP-2016-479686, allegedly securing some alleged indebtedness related to the foregoing alleged transaction. See **Exhibit P**.

54. On October 24, 2016, after KJI received title to the Rosecroft Property, but before its conveyance to the Debtor, a purported deed dated October 23, 2016 from KJI to Eleazar Garcia Patino was filed in the Harris County Real Property Records under Clerk's File Number RP-2016-479687 containing the following real property description (see **Exhibit Q**):

Property: LOT 6 ( a 0.500 Acres of land ) at CABALLERIZAS DEL REY
HOUSTON, TX 77048 HARRIS COUNTY

Legal Description: LOT 6 ( a 0.500 Acres of Land ) of CABALLERIZAS DEL REY
HOUSTON, TX 77048 HARRIS COUNTY ( Subject to Re-
platting acceptance by the City of Houston )

55. On October 24, 2016, after KJI received title to the Rosecroft Property, but before its conveyance to the Debtor, a purported deed dated October 23, 2016 from KJI to Franco Patino Saucedo and Denise Torres was filed in the Harris County Real Property Records under Clerk's File Number RP-2016-479720 containing the following real property description (see **Exhibit R**):

Property: LOT 5 ( a 0.514 Acres of land ) at CABALLERIZAS DEL REY
HOUSTON, TX 77048 HARRIS COUNTY

Legal Description: LOT 5 ( a 0.514 Acres of Land ) of CABALLERIZAS DEL REY
HOUSTON, TX 77048 HARRIS COUNTY ( Subject to Re-
platting acceptance by the City of Houston )

56. Also on October 24, 2016, in relation to the alleged transaction described in the immediately preceding paragraph above, a purported deed of trust was filed in the Harris County Real Property Records under Clerk's File Number RP-2016-479721, allegedly securing some alleged indebtedness related to the foregoing alleged transaction. See **Exhibit S**.

57. On October 24, 2016, after KJI received title to the Rosecroft Property, but before its

conveyance to the Debtor, a purported deed dated October 23, 2016 from KJI to Adriana Garcia Betancourt and Anastasio Villegas Saucedo was filed in the Harris County Real Property Records under Clerk's File Number RP-2016-47947 containing the following real property description (see **Exhibit T**):

> Property: LOT 4 ( a 0.515 Acres of land ) at CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY
>
> Legal Description: LOT 4 ( a 0.515 Acres of Land ) of CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY ( Subject to Re-platting acceptance by the City of Houston )

58. Also on October 24, 2016, in relation to the alleged transaction described in the immediately preceding paragraph above, a purported deed of trust was filed in the Harris County Real Property Records under Clerk's File Number RP-2016-479748, allegedly securing some alleged indebtedness related to the foregoing alleged transaction. See **Exhibit U**.

59. On October 25, 2016, after KJI received title to the Rosecroft Property, but before its conveyance to the Debtor, a purported deed dated October 25, 2016 from KJI to Mario Gonzalo Arguello Gonzales and Juana Arguello was filed in the Harris County Real Property Records under Clerk's File Number RP-2016-481799 containing the following real property description (see **Exhibit V**):

> Property: LOT 48 ( a 0.521 Acres of land ) at CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY
>
> Legal Description: LOT 48 ( a 0.521 Acres of Land ) of CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY ( Subject to Re-platting acceptance by the City of Houston )

60. Also on October 25, 2016, in relation to the alleged transaction described in the immediately preceding paragraph above, a purported deed of trust was filed in the Harris County Real Property Records under Clerk's File Number RP-2016-481800, allegedly securing some alleged indebtedness related to the foregoing alleged transaction. See **Exhibit W**.

61. On October 27, 2016, after KJI received title to the Rosecroft Property, but before its conveyance to the Debtor, a purported deed dated October 27, 2016 from KJI to Jose Guadalupe Bermudez Garcia was filed in the Harris County Real Property Records under Clerk's File Number RP-2016-485219 containing the following real property description (see **Exhibit X**):

Property: LOT 6, 7 & 8 ( A 1.506 Acre of land ) at CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY

Legal Description: LOT 6, 7 & 8 (A 1.506 Acre of land ) of CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY ( Subject to Re-platting acceptance by the City of Houston )

62. On October 28, 2016, after KJI received title to the Rosecroft Property, but before its conveyance to the Debtor, a purported deed dated October 28, 2016 from KJI to Eduardo Ruiz Licon and Patricia Alvarez was filed in the Harris County Real Property Records under Clerk's File Number RP-2016-488857 containing the following real property description (see **Exhibit Y**):

Property: LOT 29 ( a 0.570 Acres of land ) at CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY

Legal Description: LOT 29 ( a 0.570 Acres of Land ) of CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY ( Subject to Re-platting acceptance by the City of Houston )

63. Also on October 28, 2016, in relation to the alleged transaction described in the immediately preceding paragraph above, a purported deed of trust was filed in the Harris County Real Property Records under Clerk's File Number RP-2016-488858, allegedly securing some alleged indebtedness related to the foregoing alleged transaction. See **Exhibit Z**.

64. On October 28, 2016, after KJI received title to the Rosecroft Property, but before its conveyance to the Debtor, a purported deed dated October 28, 2016 from KJI to Moises Martinez Vazquez and Maria B. Martinez Cortes was filed in the Harris County Real Property Records under Clerk's File Number RP-2016-488860 containing the following real property description (see **Exhibit AA**):

Property: LOT 50 ( a 0.516 Acres of land ) at CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY

Legal Description: LOT 50 ( a 0.516 Acres of Land ) of CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY ( Subject to Re-platting acceptance by the City of Houston )

65. Also on October 28, 2016, in relation to the alleged transaction described in the immediately preceding paragraph above, a purported deed of trust was filed in the Harris County Real Property Records under Clerk's File Number RP-2016-488861, allegedly securing some alleged indebtedness related to the foregoing alleged transaction. See **Exhibit BB**.

66. On November 19, 2018, after KJI received title to the Rosecroft Property, but before its conveyance to the Debtor, a purported deed dated May 30, 2017 from KJI to Miguel Angel Gonzalez Ortega

and Floribel Astudilo Mendez was filed in the Harris County Real Property Records under Clerk's File Number RP-2018-522236 containing the following real property description (see **Exhibit CC**):

> **Property:** LOT 48 & 49 SECTION 3 ( a 1.0 Acres of land ) at CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY
>
> **Legal Description:** LOT 48 & 49 SECTION 3 ( a 1.0 Acres of Land ) of CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY ( Subject to Re-platting acceptance by the City of Houston )

67. On December 21, 2018, after KJI received title to the Rosecroft Property, but before its conveyance to the Debtor, a purported deed dated December 18, 2018 from KJI to Demetrio Pasion Zamora and Esther Maria Reyes was filed in the Harris County Real Property Records under Clerk's File Number RP-2018-572190 containing the following real property description (see **Exhibit DD)**:

> Property: LOT 5 SECTION 1 ( A One Half Acre of land ) at CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY
>
> Legal Description: LOT 5 SECTION 1 ( A One Half Acre of Land ) at CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY ( Subject to Re-platting acceptance by the City of Houston )

68. On December 21, 2018, after KJI received title to the Rosecroft Property, but before its conveyance to the Debtor, a purported deed dated December 18, 2018 from KJI to Oscar David Cota Canedo and Kathya Ines Zamora was filed in the Harris County Real Property Records under Clerk's File Number RP-2018-572192 containing the following real property description (see **Exhibit EE**):

> Property: Lot 9 Section 1 ( A One Half Acre of land ) at CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY
>
> Legal Description: Lot 9 Section 1 ( A One Half Acre of Land ) at CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY ( Subject to Re-platting acceptance by the City of Houston )

69. On December 21, 2018, after KJI received title to the Rosecroft Property, but before its conveyance to the Debtor, a purported deed dated August 17, 2018 from KJI to Enrique Lira Guerra was filed in the Harris County Real Property Records under Clerk's File Number RP-2018-572193 containing the following real property description (see **Exhibit FF**):

> **Property:**
>
> Caballerizas Del Rey Mobile Home Park Section Lot 7 Section 4 Houston, TX in Harris County

70. On December 26, 2018, after KJI received title to the Rosecroft Property, but before its conveyance to the Debtor, a purported deed dated September 19, 2018 from KJI to Erika Torres Gallegos was filed in the Harris County Real Property Records under Clerk's File Number RP-2018-573578 containing the following real property description (see **Exhibit GG** ):

> **Property:** LOT 5 SECTION 4 AT CABALLERIZAS DEL REY MOBILE HOME PARK HOUSTON, TX 77048 HARRIS COUNTY
>
> **Legal Description:** LOT 5 SECTION 4 AT CABALLERIZAS DEL REY MOBILE HOME PARK HOUSTON, TX 77048 HARRIS COUNTY ( Subject to Re-platting acceptance by the City of Houston )

71. Also on December 26, 2018, in relation to the alleged transaction described in the immediately preceding paragraph above, a purported deed of trust was filed in the Harris County Real Property Records under Clerk's File Number RP-2018-573579, allegedly securing some alleged indebtedness related to the foregoing alleged transaction. See **Exhibit HH**.

72. On December 27, 2018, after KJI received title to the Rosecroft Property, but before its conveyance to the Debtor, a purported deed dated December 26, 2018 from KJI to Adelaide Alanis Mendoza was filed in the Harris County Real Property Records under Clerk's File Number RP-2018-575969 containing the following real property description (see **Exhibit II**):

> **Property:** LOT 16 SECTION 1 AT CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY
>
> **Legal Description:** LOT 16 SECTION 1 AT CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY ( Subject to Re-platting acceptance by the City of Houston )

73. On April 11, 2019, after KJI received title to the Rosecroft Property, but before its conveyance to the Debtor, a purported deed dated April 11, 2019 from KJI to Magdalena Camacho was filed in the Harris County Real Property Records under Clerk's File Number RP-2019-147039 containing the following real property description (see **Exhibit JJ**):

> **Property:** LOT 12 & 13 SECTION 1 ( 2 Half Acres of Land ) at CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY
>
> **Legal Description:** LOT 12 and 13 SECTION 1 ( 2 Half Acres of Land ) at CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY ( Subject to Re-platting acceptance by the City of Houston )

74. On April 17, 2019, after KJI received title to the Rosecroft Property, but before its

conveyance to the Debtor, a purported deed dated March 28, 2017 from KJI to Alfred Lopez and Nancy Elizalde Lopez was filed in the Harris County Real Property Records under Clerk's File Number RP-2019-156675 containing the following real property description (see **Exhibit KK**):

> **Property:** **LOT 20 ( a 0.500 Acres of land ) at CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY**
>
> **Legal Description:** **LOT 20 ( a 0.500 Acres of Land ) of CABALLERIZAS DEL REY HOUSTON, TX 77048 HARRIS COUNTY ( Subject to Re-platting acceptance by the City of Houston )**

## D. Causes of Action

### COUNT I – REQUEST FOR DECLARATORY RELEIF TO QUIET TITLE TO THE ROSECROFT PROPERTY DUE TO INVALID DEEDS

73. All of the foregoing factual allegations are incorporated herein by reference.

74. Upon information and belief, the purported deeds set out at Exhibits ___ where part of a fraudulent scheme involving the Rosecroft Property whereby the named grantees therein paid, or promised to pay, money in exchange for a purported deed conveying them in interest in a portion of the Rosecroft Property. The purported deeds set out as Exhibits ___ constitute instruments, although invalid, affecting the Debtor's interest in the Rosecroft Property. It is the Trustee's intent to liquidate the Rosecroft Property and has obtained a title report which indicates that the various deeds set out at Exhibits ___ constitute clouds which will require remedial action so as to be able to convey good title. These clouds frustrate the Trustee's ability to obtain the highest and best value for the Rosecroft Property.

75. A cloud on title exists when an outstanding claim or encumbrance is shown which, on its face, if valid, would affect or impair the title of the owner of the property. Accordingly, the elements of the cause of action to quiet title are that the plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable, See *U.S. Nat. Bank Ass'n. v. Johnson*, 2011 WL 6938507 (Tex.Civ.App – Houston [1st Dist.]). To be valid, a conveyance of real property must contain a sufficient description of the property to be conveyed. A property description is sufficient if the writing furnishes within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified

with reasonable certainty. See *AIC Management v. Crews* 246 S.W. 3d 640, 645 (Tex. 2008).

76. The alleged conveyances set out at Exhibits F, H, J, K, L, M, O, Q, R, T, V, X, Y , AA, CC, DD, EE, FF, GG, II, JJ, and KK (collectively the "Invalid Deeds") are invalid as being insufficiently descriptive as the lot, block and subdivision descriptions used therein refer to real properties that simply do not exist. As such the descriptions used in these deeds wholly fail to adequately describe the real property which the deed attempted to convey an interest in. Furthermore, since the descriptions used are wholly fictitious, there is no other existing writing, means or data by which the particular land to be conveyed may be identified with reasonable certainty.

**COUNT II – REQUEST FOR DECLARATORY RELIEF TO QUIET TITLE DUE TO INVALID DEEDS OF TRUST IN FAVOR OF KEVIN JUAREZ INVESTMENTS, INC. and ELSON JUAREZ**

77. All of the foregoing factual allegations are incorporated herein by reference.

78. A cloud on title exists when an outstanding claim or encumbrance is shown which, on its face, if valid, would affect or impair the title of the owner of the property. Accordingly, the elements of the cause of action to quiet title are that the plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable, See *U.S. Nat. Bank Ass'n. v. Johnson*, 2011 WL 6938507 (Tex.Civ.App – Houston [1st Dist.]). To be valid, a conveyance of real property must contain a sufficient description of the property to be conveyed. A property description is sufficient if the writing furnishes within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty. See *AIC Management v. Crews* 246 S.W. 3d 640, 645 (Tex. 2008).

79. Incident to the scheme involved with providing an invalid deed to property, KJI often appears to have "financed" the transaction for the buyer and "secured" the financing by the filing of a deed of trust in the real property records. See Exhibits G, I, N, P, S, U, W, Z, BB, HH (the "Invalid Deeds of Trust"). The Invalid Deeds of Trust cloud the Debtor's title to the Rosecroft Property. Moreover, these "deeds of trust" are defective for at least the following reasons:

a. The Invalid Deeds of Trust are inseparable from the fraud perpetrated by KJI, Elson Juarez,

and others against the recipients of the Invalid Deeds;

b. The Invalid Deeds of Trust contain the same defective real property description as in the Invalid Deeds and, as a result, does not constitute a valid transfer and/or perfection of a lien against the real property described therein; and

c. The "deeds of trust" filed at RP-2016-442569 and RP-2016-442571, See Exhibits G and I, are defective in that the grantor thereunder is Elson Juarez Investments, LLC, not the party who purportedly purchase the fictitious lot associated with the deed of trust and corresponding deed.

**COUNT III - REQUEST FOR DECLARATORY RELIEF TO QUIET TITLE DUE TO INVALID BROKER'S LIEN ASSERTED BY CHARLIE VIDAURRE d/b/a PHL FUNDING AND REHAB**

77. All of the foregoing factual allegations are incorporated herein by reference.

78. On information and belief, the Alleged Broker's Lien relates to efforts by the Debtor and KJI's attempts to locate a third party to finance the Debtor's purchase of the Rosecroft Property.

79. Mr. Vidaurre alleges in the Alleged Broker's Lien entitlement to a Broker's Lien under Chapter 62.001 *et seq.* of the Texas Property Code which, among other things, requires filing of Notice of Lien in the real property records of the County in which the subject property is located. Chapter 62.025 of the Texas Property Code provides, in part that:

> Sec. 62.025. CONTENTS OF NOTICE OF LIEN. The notice of lien must be signed by the broker or by a person authorized to sign on behalf of the broker and must contain the following:
>
> (1) a sworn statement of the nature and amount of the claim, including:
>
> (A) the commission amount or the formula used to determine the commission;
> (B) the type of commission at issue, including a deferred commission; and
> (C) the month and year in which the commission was earned[.]
>
> . . .
>
> (7) a copy of the commission agreement on which the lien is based.

80. The Alleged Broker's Lien fails to comply with the requisites of Texas Property Code § 62.025(1) and (7) and is therefore is defective and does not constitute a lien against the Rosecroft Property.

81. The Alleged Broker's Lien provides that the basis for the alleged lien is:

> KEVIN JUAREZ INVESTMENTS, LLC AND PESTOVA HOLDINGS LLC entered into an agreement where Charlie Vidaurre- PHL FUNDING AND REHAB, would obtain and originate a new loan against the property described in "Exhibit A". Once loan was obtained PHL FUNDING AND REHAB was to obtain payments for the services rendered.

82. Texas Property Code § 62.003(1) provides, in relevant part, that the term "Broker" means a person who:

> (A) is licensed as a broker under Chapter 1101, Occupations Code,and is not acting as a residential rental locator as defined by Section 1101.002,Occupations Code; or
> (B) is licensed or certified as a real estate appraiser under Chapter 1103, Occupations Code.

83. Texas Occupations Code § 1101.002(1) provides, in relevant part, that the term "Broker" means:

(A) means a person who, in exchange for a commission or other valuable consideration or with the expectation of receiving a commission or other valuable consideration, performs for another person one of the following acts:

> (i) sells, exchanges, purchases, or leases real estate;
> (ii) offers to sell, exchange, purchase, or lease real estate;
> (iii) negotiates or attempts to negotiate the listing, sale, exchange, purchase, or lease of real estate;
> (iv) lists or offers, attempts, or agrees to list real estate for sale, lease, or exchange;
> (v) auctions or offers, attempts, or agrees to auction real estate;
> (vi) deals in options on real estate, including a lease to purchase or buying, selling, or offering to buy or sell options on real estate;
> (vii) aids or offers or attempts to aid in locating or obtaining real estate for purchase or lease;
> (viii) procures or assists in procuring a prospect to effect the sale, exchange, or lease of real estate;
> (ix) procures or assists in procuring property to effect the sale, exchange, or lease of real estate;
> (x) controls the acceptance or deposit of rent from a resident of a single-family residential real property unit;
> (xi) provides a written analysis, opinion, or conclusion relating to the estimated price of real property if the analysis, opinion, or conclusion:
> (a) is not referred to as an appraisal;
> (b) is provided in the ordinary course of the person's business; and
> (c) is related to the actual or potential management, acquisition, disposition, or encumbrance of an interest in real property; or
> (xii) advises or offers advice to an owner of real estate concerning the negotiation or completion of a short sale; and

(B) includes a person who:

> (i) is employed by or for an owner of real estate to sell any portion of the real estate; or
> (ii) engages in the business of charging an advance fee or contracting to collect a fee under a contract that requires the person primarily to promote the sale of real estate by:
>> (a) listing the real estate in a publication primarily used for listing real estate; or
>> (b) referring information about the real estate to brokers.

84. Loan origination services of the type described in the Alleged Broker's Lien are not

included in the definition of the term "Broker" under either the Texas Property Code or the Texas Occupations Code and therefore cannot be used as a basis for a Broker's Lien on the Rosecroft Property under § 62.001 *et seq.* of the Texas Property Code.

85. A cloud on title exists when an outstanding claim or encumbrance is shown which, on its face, if valid, would affect or impair the title of the owner of the property. Accordingly, the elements of the cause of action to quiet title are that the plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable, See *U.S. Nat. Bank Ass'n. v. Johnson*, 2011 WL 6938507 (Tex.Civ.App – Houston [1st Dist.]). To be valid, a conveyance of real property must contain a sufficient description of the property to be conveyed. A property description is sufficient if the writing furnishes within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty. See *AIC Management v. Crews* 246 S.W. 3d 640, 645 (Tex. 2008). Due to the invalidity of the Alleged Broker's Lien, its existence constitutes a cloud on the Debtor's title to the Rosecroft Property.

**COUNT IV – AVOIDANCE OF ALLEGED BROKER'S LIEN**

86. All of the foregoing factual allegations are incorporated herein by reference. Further, the following count is alleged in the alternative, in addition to and is without prejudice or waiver with regard to any of the other claims asserted in this Complaint as to Mr. Viduarre.

87. The Alleged Broker's Lien was filed in the Harris County Real Property Records within the 90-day period prior to the Petition Date.

88. The filing of the Alleged Broker's Lien was a transfer of an interest of the Debtor in property to Mr. Vidaurre.

89. The filing of the Alleged Broker's Lien was for the purpose of satisfying an alleged obligation[1] owed by the Debtor to Mr. Vidaurre and was to/for the benefit of Mr. Vidaurre.

---

[1] The Trustee reserves all rights to amend this complaint to assert additional grounds including, but not limited to, fraudulent transfer with regard to the filing of the Alleged Broker's Lien as discovery progresses.

90. The filing of the Alleged Broker's Lien was made/done for or on account of an alleged antecedent debt owed by the Debtor to Mr. Vidaurre before the filing of the Alleged Broker's Lien.

91. During the ninety (90) days immediately preceding the Petition Date, the Debtor was insolvent within the meaning of Section 101(32) of the United States Bankruptcy Code. The Debtor's debts during the ninety (90) days immediately preceding the Petition Date exceeded the fair value of its assets. Furthermore, the Debtor is presumed to have been insolvent during the Preference Period under 11 U.S.C. § 547(f).

92. The filing of the Alleged Broker's Lien enabled Mr. Vidaurre to receive more than what he would have if (i) the case were a case under Chapter 7 of the Bankruptcy Code; (ii) the filing of the Alleged Broker's Lien had not been doe; and (iii) Mr. Vidaurre received payment of the alleged debt owed to him pursuant to the provisions of the Bankruptcy Code.

WHEREFORE, premises considered, Ronald J. Sommers, Trustee, prays that this Honorable Court grant judgment as follows:

a. A judgment declaring that the Invalid Deeds are invalid and/or void conveyances of an interest in the Rosecroft Property and that the Grantees therein have no interest in the Rosecroft Property;
b. A judgment declaring that the Invalid Deeds of Trust are invalid and/or are void conveyances of an interest in the Rosecroft Property and that they do not constitute a validly perfected lien against, or interest in, the Rosecroft Property;
c. A judgment avoiding the Alleged Broker's Lien against the Rosecroft Property pursuant to 11 U.S.C. §§ 547 and 550;
d. A judgment declaring that the Alleged Broker's Lien is invalid;
e. Costs of Court; and
f. Such other and further relief to which the Trustee may show entitlement.

Respectfully submitted,

*/s/ Marc Douglas Myers*

______________________________

Marc Douglas Myers
Ross, Banks, May, Cron & Cavin, P.C.
SBN 00797133
7700 San Felipe, Suite 550
Houston, Texas 77063
(713) 626-1200; (713) 623-6014 fax
mmyers@rossbanks.com
COUNSEL FOR THE TRUSTEE